# STATE OF MICHIGAN

# COURT OF APPEALS

---

MJR GROUP, LLC,

        Petitioner-Appellee,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellant.

UNPUBLISHED
December 29, 2016

No. 329119
Tax Tribunal
LC No. 00-441767

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Respondent, Department of Treasury (the Department), appeals as of right the determination of the Michigan Tax Tribunal (the Tribunal) that petitioner, MJR Group, LLC, (MJR) was entitled to a refund of the sales tax MJR remitted on nontaxable bottled water and prepackaged candy for tax years 2007 to 2010. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

MJR owns and operates a chain of movie theaters in southeast Michigan, and its concession stands sell bottled water and prepackaged candy. MJR's menu boards list the final transfer price paid by the customer and stated that "All Prices Include Sales Tax." From at least 1991 going forward, MJR calculated its owed sales tax by multiplying its gross sales by the sales tax quotient, regardless of the items sold.

During an investigation about reimbursing sales tax to a group of Girl Scouts, MJR discovered that bottled water and prepackaged candy are nontaxable items. It subsequently sought a refund of $409,760.05 in excess sales taxes paid between 2007 and 2010. The Department denied the refund, concluding that even had MJR erroneously collected sales tax, MCL 205.73 prohibited MJR from keeping the sales tax it had wrongfully collected from customers. MJR appealed the denial of that refund, asserting that MJR "did not pass the burden of the tax to the customer. Instead [MJR] bore the direct legal incidence of the tax . . . ."

The hearing referee recommended denying MJR's refund request because, although bottled water and prepackaged candy were not subject to sales tax, a refund would unjustly enrich MJR under MCL 205.73(4). The referee concluded that MJR's contention that the customers did not pay sales tax was "misguided" because MJR included sales tax in the cost of the items sold. The Department adopted the referee's decision, and MJR appealed to the

-1-

Tribunal, asserting that the menu price was the final transfer price and it did not add sales tax to the menu prices. Both parties sought summary disposition under MCR 2.116(C)(10), and the Tribunal ruled in favor of the Department.

MJR appealed to this Court, which reversed and remanded. *MJR Group LLC v Dep't of Treasury*, unpublished opinion per curiam of the Court of Appeals, issued February 25, 2014 (Docket No. 312745). This Court concluded that summary disposition was improper because MJR presented evidence that it did not add sales tax to the menu items' stated prices and, accepting that as true, MJR had not wrongfully collected any tax from its customers. *Id.* at 5. The panel further concluded that summary disposition in favor of MJR was improper because there was a factual question regarding whether MJR had, in fact, collected sales tax from its customers. *Id.*

On remand, the Tribunal held a full hearing regarding whether MJR or its customers paid the sales tax on the concession items. Dennis Redmer, MJR's vice president of operations, testified that he changed the concessions item prices about a year after he began working for MJR. Redmer explained that he implemented a pricing system to get people through the concessions stand faster, and he stated that he did not consider sales tax when setting the prices; rather, Redmer considered sales tax a cost of doing business. Redmer stated that this was true whether the item was taxable, like popcorn, or nontaxable, like bottled water.

Donna Kondek, MJR's controller, testified that sales tax was not charged to the customer above the price stated on the menu board. This conflicted with one of Kondek's previous affidavits, in which she stated that sales tax was included in the prices that MJR charged its customers. Kimberly Knoll, a Department auditor, testified that based on how MJR's software worked, she could not tell whether the prices for bottled water and packaged candy included sales tax or not because the software did not have transactional details.

Following the hearing, the Tribunal found that MJR had not considered sales tax when establishing its prices and that the sales tax ultimately came out of MJR's profits. The Tribunal reasoned that Redmer's testimony clarified the discrepancies in the documentation showing how tax was collected and the confusion in Kondek's statements. It reasoned that Kondek's belief that the concessions prices included sales tax was irrelevant because Redmer, not Kondek, set the concessions prices. Finally, it found that the Department had not rebutted Redmer's testimony about the way MJR collected sales tax. Because Redmer testified that he did not include sales taxes when setting the prices for the menu board, the Tribunal concluded that MJR had not charged its customers sales tax and thus was not inappropriately keeping sales tax it had actually collected from customers.

## II. STANDARDS OF REVIEW

This Court's review of a decision by the Tax Tribunal is limited. *Mich Props, LLC v Meridian Twp*, 491 Mich 518, 527; 817 NW2d 548 (2012). We must accept the Tax Tribunal's factual findings if "competent, material, and substantial evidence on the record" supports them. Const 1963, art 6, § 28. See also *Mich Props*, 491 Mich at 527. Substantial evidence supports the Tax Tribunal's findings if a reasonable person would accept the evidence as sufficient to

support the conclusion. *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004). Substantial evidence "may be substantially less than a preponderance." *Id*.

## III. ANALYSIS

The Department contends the Tribunal improperly found that MJR did not in fact collect sales tax from its customers. We disagree.

The only question presented after this Court's previous remand was the factual question of whether MJR had actually collected sales tax from its customers. *MJR Group LLC*, unpub op at 5. At the hearing in this case, the parties presented the Tribunal with conflicting evidence on this point. Redmer—who was responsible for setting the prices on the concessions stand items— testified that he did not consider sales tax when setting the prices of items but instead considered sales tax a cost of doing business. Kondek made conflicting assertions at different times: in her first affidavit, she stated that MJR did not collect additional sales tax above the amounts listed on the board, but in her second affidavit and testimony, she stated that MJR itself ultimately paid taxes on all the items, including bottled water and packaged candy. Finally, Knoll testified that she could not tell whether MJR's prices on bottled water included sales tax or not because MJR's software did not include transactional details.

A reasonable mind could accept as true Redmer's statements that he, as the person who set the menu prices, did not include sales tax in those prices but rather considered tax an eventual cost of doing business. And a reasonable person could credit Kondek's later testimony that MJR was the party ultimately responsible for paying taxes on all items sold, particularly when it made more sense in light of MJR's accounting software. Because a reasonable person could conclude that MJR did not, in fact, collect sales tax from its customers, we conclude that competent, material, and substantial evidence supported the Tribunal's decision.

Moreover, contrary to the assertions of the dissent, MJR's financial records do not indisputably establish that MJR customers paid sales tax on concession items. Rather, taken as a whole, record evidence supports a conclusion that MJR charged round prices for concession items to speed up transactions and then separated out the sales tax it was required to remit to the Department from its net profit. The Tax Tribunal could find that during the years in question, MJR miscalculated its net profit by remitting sales tax for nontaxable items. Given our limited review, we cannot accept the dissent's theory of this case.

We affirm.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher